UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**CHARLES M. BALTAYAN,**

    - Plaintiff,

v.                                No. 3:10-CV-1327(CFD)

**BARBARA J. TITO, JAMES W. CLYNES,
SCOTT D. JACKSON, ROBERT A. ACETO,**

    - Defendants.

## Ruling and Order

### I. Introduction

There are currently four motions pending before the magistrate. The pro se plaintiff has filed a motion to reconsider a discovery ruling (Dkt. #53), and a motion for sanctions and to compel discovery (Dkt. #56). The defendants have moved to stay discovery (Dkt. #54, #60). For the reasons that follow, all four motions are **DENIED.**

### II. Discussion

#### A. The Motion to Reconsider (Dkt. #53)

Plaintiff moves the court to reconsider its February 15, 2011 Ruling and Order (Dkt. #51). Plaintiff objects to the Ruling and Order because the February 7, 2011 telephonic discovery hearing was ended early and the plaintiff feels he was not given an opportunity

1

to present testimony. Pl.'s Exception 1. However, as the magistrate wrote in that Ruling and Order, both sides had a sufficient amount of time during the conference in which to make their arguments, and, in combination with the memoranda submitted by the parties, the Magistrate was fully informed to make the ruling. Ruling and Order 1-2. The plaintiff's motion to reconsider (Dkt. #53) is **DENIED**. The February 15, 2011 Ruling and Order remains undisturbed.

### B. Motion for Sanctions and to Compel (Dkt. #56)

The plaintiff moves the court to compel the defendants to comply with his discovery requests. The plaintiff claims that "[t]he [d]efendants have ignored, half answered, delayed and otherwise acted in bad faith by not filing timely [o]bjections to [s]ubpoenas and [d]iscovery [r]equests, answering partially when concise, specific information is sought and available." Pl.'s Mot. 1. The plaintiff further argues that the defendants have not responded to his 2/17/11 discovery request and that the discovery deadline was 2/22/11; therefore, the plaintiff claims, the defendants are not complying with his requests and sanctions are necessary. Id.

The defendants respond with three arguments. First, they say that they have complied with the requests on October 29, 2010, December 9, 2010, and February 8, 2011. Def.'s Objection 1. Second, the defendants state that as for the February 17, 2011

requests, the motion to compel is premature. Id. The defendants cite Federal Rule of Civil Procedure 33(b)(2) to demonstrate that answers and any objections to the plaintiff's requests are not due until thirty days after the defendants are served with them. Id. Third, the defendants argue that the plaintiff did not confer with the defendants before filing the motion to compel as is required by Local Rule of Civil Procedure 37(a). Id. at 2.

The magistrate agrees with the defendants. The party responding to interrogatories have thirty days to submit their answers to the requesting party. F. R. Civ. P. 33(b)(2). Since the defendants were served on February 17, 2011 with the requests, the filling of a motion to compel on March 3, 2010, only fourteen days later, is premature. Furthermore, the plaintiff did not confer with the defendant in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution. The plaintiff also failed to submit an affidavit certifying the good faith attempt as required by the local rules. L. R. Civ. P. 37(a). Accordingly, the plaintiff's motion to compel and for sanctions (Dkt. #56) is **DENIED without prejudice to refiling.**

**C. Motions to Stay Discovery (Dkt. #54, #60)**

The defendants filed separate motions to stay discovery while the motion to dismiss is pending. However, in light of Judge Droney's October 14, 2010 order (Dkt. #30) that "discovery is not

3

stayed pending a decision on the . . . motion to dismiss[],"  the motions to stay are **DENIED**.

**III. Conclusion**

This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. 636 (b) (1) (A); Fed. R. Civ. P. 6 (a), (e) and 72 (a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  See 28 U.S.C. § 636 (b) (written objections to ruling must be filed within fourteen days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 30th day of March, 2011.**

/s/ Thomas P. Smith
**Thomas P. Smith**
**United States Magistrate Judge**