# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES BALTAYAN, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 3:10-cv-1327 (CFD) |
| : | |
| BARBARA TITO, JAMES CLYNES, : | |
| SCOTT JACKSON and ROBERT ACETO, : | |
|     Defendants. : | |

## RULING ON PENDING MOTIONS

This is a case brought under 42 U.S.C. § 1983 by plaintiff Charles M. Baltayan against Scott Jackson, the Mayor of the Town of Hamden, James Clynes, the Tax Assessor for the Town of Hamden, Barbara Tito, the Tax Collector for the Town of Hamden, and Robert Aceto, a Connecticut State Marshall. Baltayan lives on Ridgewood Court, a street that apparently straddles the city line between North Haven, Connecticut and Hamden, Connecticut. He claims the Town of Hamden has improperly and unequally assessed taxes on the vehicles of the residents of Ridgewood Court, in violation of his rights under the Fourth and Fifth Amendments, and the Equal Protection Clause of the Fourteenth Amendment. Baltayan represents himself *pro se*. The Court scheduled a hearing on all pending motions on April 28, 2011, at which Baltayan did not appear. Because of Baltayan's nonappearance, no argument occurred. Several of those pending motions are addressed in this ruling, and decided on the basis of the papers filed.

First, on August 30, 2010, Baltayan filed a Motion for Reconsideration re: Order denying Motion for Temporary Restraining Order. This Court denied Baltayan's motion for a TRO on August 25, 2010. In his motion for reconsideration, Baltayan submitted a one-page memorandum in support that he claims the Court did not have when it originally decided the motion. The memorandum does not raise new facts or controlling decisions of law that cause the

Court to reconsider its original denial. For these reasons, this motion [Dkt. #8] is denied.

Second, on September 27, 2010, Baltayan filed a Motion for Default Entry 55(a) as to Robert A. Aceto. On October 13, 2010, Baltayan filed a "Notice to Clerk" noting that he "is marking as 'OFF'" his motion for default until further notice. On November 16, 2010, there was a notice of attorney appearance on behalf of Aceto. For these reasons, this motion [Dkt. #16] is denied as moot.

Third, on October 19, 2010, Baltayan moved to strike the motion to dismiss by defendants Clynes, Jackson and Tito, previously filed on October 18. Baltayan argued that since the defendants had not answered the complaint, the motion to dismiss was "out of order." Baltayan is incorrect, as the motion to dismiss was filed in accordance with the Federal Rules of Civil Procedure and the Court's Order on Pretrial Deadlines. For these reasons, this motion [Dkt. #32] is denied.

Fourth, on February 22, 2011 Baltayan moved to modify the 26(f) plan in light of the appearance for Robert Aceto. This motion [Dkt. #52] is denied, and the case will proceed in accordance with this ruling.

Fifth, on March 3, 2011, Baltayan moved to revise the order on pretrial deadlines. This motion [Dkt. #55] is also denied.

Sixth, on March 7, 2011, Baltayan moved for summary judgment. Baltayan argues summary judgment is warranted because the defendants "have abused the discovery process." This motion [Dkt. #58] is denied without prejudice. Baltayan may re-file a motion for summary judgment after a ruling on the pending motions to dismiss and any discovery is completed.

Seventh, on March 22, 2011, Baltayan filed a motion to strike the defendants' objection

to his motion for summary judgment. Because the motion for summary judgment is denied, this motion [Dkt. #63] is denied as moot.

Eighth, on March 30, 2011, defendant Aceto moved for an extension of time *nunc pro tunc* to respond to plaintiff's request for disclosure and admission until 30 days after the defendants' motions to stay, or in the alternative, until 30 days after a ruling on the motions to dismiss. This motion has now been rendered moot by this Court's order on April 7, 2011 granting a later motion for extension of time [Dkt. #69]. That order granted an extension for responses to Baltayan's request for disclosure and admission until 30 days from March 30, 2011, the day Magistrate Judge Smith denied two motions to stay. Therefore, this motion [Dkt. #65] is denied as moot.

Ninth, on April 1, 2011, Baltayan moved to sanction defendants for failure to comply with discovery requests, and moved to compel the requested discovery. In light of the Court's later order granting an extension of time, this motion [Dkt. #66] is denied.

Finally, on April 12, 2011, Baltayan filed a motion for recusal, arguing that the Court's granting the motion for extension of time on April 7, 2011 is inconsistent with Judge Smith's order on March 30, 2011 denying a stay of discovery, for not hearing Baltayan's objection to the motion for extension of time, and for "taking motions out of order, not ruling evenly, and ruling for reasons other than fact and law." Magistrate Judge Smith recommended granting the motion for extension of time at issue (see Dkt. # 70), and the extension was warranted in light of the arguments raised by defendants' motions to dismiss. In addition, Title 28 U.S.C. § 455 governs when a United States judge should recuse himself from a case. A judge "shall" recuse himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he

has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Baltayan's complaints about the orders regarding the discovery schedule do not meet the criteria of § 455 for recusal. The Court has no personal bias or prejudice concerning a party, and therefore declines to recuse itself.

Three pending motions remain. Oral argument will be held on the two pending motions to dismiss, the motion to dismiss by defendants Clynes, Jackson and Tito [Dkt. #31], and the motion to dismiss for lack of jurisdiction by defendant Aceto [Dkt. #41] on **Thursday, May 26, 2011 at 11:00 a.m.** Because defendant Aceto's motion may require some fact-finding by the Court, defendant Aceto, the server of the summons and the complaint, and the person who was allegedly served will appear at the hearing. In addition, at that hearing, if the parties would like to argue Baltayan's motion to amend and revise the complaint [Dkt. #68], the Court will hear argument on that motion as well. Further discovery in this case is stayed until after the Court's rulings on the motions to dismiss.

In summary, and for the reasons set forth above, the motion for reconsideration [Dkt. # 8] is DENIED, the motion for default entry [Dkt. #16] is DENIED, the motion to strike [Dkt #32] is denied, the motion to modify the 26(f) plan [Dkt. #52] is DENIED, the motion to revise the order on pretrial deadlines [Dkt. #55] is DENIED, the motion for summary judgment [Dkt. #58] is DENIED WITHOUT PREJUDICE, the motion to strike [Dkt #63] is DENIED, the motion for extension of time *nunc pro tunc* [Dkt. #65] is DENIED, the motion for sanctions [Dkt. #66] is DENIED, and the motion to recuse [Dkt. #73] is DENIED.

SO ORDERED this 11th day of May 2011, at Hartford, Connecticut.

    /s/ Christopher F. Droney
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE