# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES BALTAYAN, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:10-cv-1327 (CFD) |
| | : | |
| BARBARA TITO, JAMES CLYNES, | : | |
| SCOTT JACKSON and ROBERT ACETO, | : | |
|     Defendants. | : | |

## RULING ON MOTIONS TO DISMISS

**I.      Introduction**

This is an action brought pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Charles M. Baltayan against Scott Jackson, the Mayor of the Town of Hamden, James Clynes, the Tax Assessor for the Town of Hamden, Barbara Tito, the Tax Collector for the Town of Hamden (collectively "the Hamden defendants"), and Robert Aceto, a Connecticut State Marshall.  The four-count complaint alleges that these state and municipal officials violated Baltayan's rights under the Fourth and Fifth Amendments, and the Equal Protection Clause of the Fourteenth Amendment.  Baltayan lives on Ridgewood Court, a street on the border between North Haven and Hamden.  He alleges that Hamden improperly taxed his motor vehicles.

**II.     Background**

According to the complaint, Baltayan lives at 21 Ridgewood Court, a street that begins in North Haven and dead ends in Hamden, with a North Haven mailing address and zip code.  His allegation is that Hamden violated his constitutional rights "by not changing an accepted method of taxation in a uniform and equal way when such an option was available."  Residents on the street initially paid their motor vehicle taxes to North Haven.  Then, about two years ago, the Town of Hamden was reviewing its records and realized that Ridgewood Court fell within its

boundaries. The Hamden and North Haven tax assessors conferred and decided that the residents of Ridgewood Court should pay the taxes on their motor vehicles to Hamden, not to North Haven. North Haven issued refunds for the taxes it had previously collected from the residents of Ridgewood Court, and residents were to use those funds to satisfy the payments they now owed to the Town of Hamden.[1] Baltayan has not sought refunds from North Haven.

Inferring from the information in the complaint, Baltayan did not pay taxes on his vehicles to Hamden, and was subsequently served with a warrant by the Town of Hamden for unpaid taxes on one or more of his vehicles. According to a letter sent to Baltayan by Mayor Jackson on March 17, 2010, five vehicles registered to Baltayan's address appeared on Hamden's "Grand List:" two Jeeps, and three Saabs. The Grand List is an annual list of the taxable and tax exempt property in the jurisdiction. According to the complaint, Baltayan made some attempts to contest these assessments, including in small claims court. However, there is no evidence in the record that Baltayan filed an administrative appeal with the Hamden tax board of assessment appeals, or in Connecticut Superior Court. Apparently, Hamden executed garnishments on Baltayan's bank accounts for the unpaid taxes.

Baltayan filed this complaint on August 23, 2010. Count One is brought against Scott Jackson, Mayor of the Town on Hamden. Count Two is brought against James Clynes, Tax Assessor for the Town of Hamden. Count Three is brought against Barbara Tito, Tax Collector for the Town of Hamden. Count Four is brought against Robert Aceto, a Connecticut State Marshall. The complaint seeks (1) immediate return of all funds executed "from the bank

---

[1] Counsel for the Hamden defendants provided this information about the history of motor vehicle taxes in Hamden and North Haven at oral argument. It is provided in order to give background for this case, but is not considered by the Court to be part of the factual record.

accounts noted on the exemption form" in the amounts of $8,447.51 including $1,100.02 in Marshal's [sic] fees, and $150 in fees "that were incurred when money was wrongly taken from a child's account;" (2) "immediate removal of the Tax Collector and Tax Assessor from their positions," with payment back of all wages paid to them by the Town; and (3) damages in the amount of $10,000,000.

The defendants have filed two separate motions to dismiss. The Hamden defendants filed a motion to dismiss on October 18, 2010 (Dkt. # 31). Aceto filed a motion to dismiss on November 16, 2010, claiming that he was never properly served (Dkt. # 41).

### III. Applicable Law and Discussion

#### A. Connecticut Law Governing the Taxation of Motor Vehicles

In general, a motor vehicle in Connecticut is subject to taxation in the city or town where, "in the normal course of operation, [the vehicle] most frequently leaves from and returns to or remains." Connecticut General Statutes § 12-71(f)(1). If a taxpayer disagrees with an assessor's determination regarding an assessment, the taxpayer may submit a written request for a hearing to a local board of assessment appeals. Conn. Gen. Stat. § 12-111. If a taxpayer disagrees with a determination of a board of assessment appeals, the taxpayer may then file an appeal with the Superior Court for the judicial district in which the property is located. Conn. Gen. Stat. §§ 12-115, 12-117a. In addition to these remedies, Conn. Gen. Stat. § 12-119 also provides as follows:

> When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . prior to the payment of such a tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is located.

The Connecticut Supreme Court has said that claims are properly brought under § 12-119 when "a tax has been laid on property not taxable in the municipality where it is situated." Second Stone Ridge Co-op. Corp. v. City of Bridgeport, 597 A.2d 326, 329 (Conn. 1991) (quoting E. Ingraham Co. V. Bristol, 151 A.2d 700 (Conn. 1959)).

B.   The Hamden Defendants' Motion to Dismiss

Defendants Jackson, Clynes and Tito move to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), a case is properly dismissed "when the court lacks the statutory or constitutional power to adjudicate the case." Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). As with a motion to dismiss pursuant to Rule 12(b)(6), "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff." Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004). Where one party is proceeding *pro se*, the court must read that party's papers liberally and interpret them to raise the strongest arguments suggested. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

The Hamden defendants argue the Court lacks subject matter jurisdiction over this case because the Tax Injunction Act, 28 U.S.C. § 1341 *et seq.* ("TIA"), prohibits federal courts from enjoining, suspending, or restraining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Although the TIA only explicitly prohibits courts from issuing declaratory and injunctive relief, the U.S. Supreme Court has made clear that "taxpayers are barred by the principle of comity from asserting § 1983 actions [for damages] against the validity of state tax systems in federal courts." Fair Assessment in re Al Estate Ass'n v. McNary, 454 U.S. 100, 166 (1981); see also, Nat'l

4

Private Truck Council v. Okla. Tax Comm'n, 515 U.S. 582 (1985) ("Congress never authorized federal courts to entertain damages actions under § 1983 against state taxes where state law furnishes an adequate legal remedy.") The Hamden defendants argue Baltayan's constitutional claims are, in essence, a challenge to Hamden's levy of a municipal motor vehicle tax on the residents of Ridgewood Court. They argue that Connecticut law provides for "a plain, speedy and efficient remedy" in the state courts, and therefore the TIA applies and this Court lacks subject matter jurisdiction.

The U.S. Court of Appeals for the Second Circuit has recently upheld the dismissal of a challenge similar to Baltayan's for lack of subject matter jurisdiction. In that case, the plaintiff brought claims under both the First Amendment and the Equal Protection Clause after the Town of Middlefield prevented him from registering his vehicles because of a delinquent tax bill. See Marshall v. Town of Middlefield, No. 3:08cv1079, 2008 WL 5157753 at *1–2 (D. Conn. Dec. 5, 2008). The district court held that the TIA applied, noting that although the plaintiff attempted "to characterize his claims as a challenge to the unequal and malicious treatment he received by Middlefield officials and not as a challenge to the tax itself," underlying all of the plaintiff's claims was a belief that the taxes he owed were fraudulent. His constitutional claims were, therefore, a challenge to both the levy and the collection of the taxes, and the TIA applied. Id. at *3. In affirming the district court, the Second Circuit noted "Connecticut provides multiple methods by which a taxpayer may contest property taxes," and therefore the TIA and principles of comity deprived federal courts of subject matter jurisdiction over such claims. Marshall v. Town of Middlefield, 360 Fed. Appx. 227, 228–29 (2d Cir. 2010).

5

Similarly, in this case, Baltayan's constitutional claims are a challenge to the "assessment, levy or collection" of Connecticut motor vehicle taxes. Underlying his equal protection claims, due process claims, and claims of unreasonable seizure, is the belief that the Town of Hamden lacked the authority to tax his motor vehicles. This is precisely the kind of claim to which the TIA and principles of comity apply. Because Connecticut law, particularly Conn. Gen. Stat. §12-119, provides a remedy for these claims in Connecticut courts, this Court lacks subject matter jurisdiction. Therefore, the claims against the Hamden defendants are dismissed.

### C. Aceto's Motion to Dismiss

Defendant Aceto's motion to dismiss incorporates the jurisdictional arguments of the Hamden defendants' motion to dismiss, and therefore his motion is also granted on that basis. As a separate ground, Aceto moves to dismiss for insufficiency of service of process, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. "A motion to dismiss pursuant to Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules." Rzayeva v. U.S., 492 F. Supp. 2d 60, 74 (D. Conn. 2007). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." Id. Rule 4(e) provides that an individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;

>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Connecticut law, services of a writ, summons and complaint in an action brought against a resident of Connecticut is commenced by leaving the documents with the defendant, or "at his usual place of abode, in this state." Conn. Gen. Stat. § 52-57(a).

Aceto argues he was not served in any of these ways. In support, he testified at an evidentiary hearing before the Court[2] that he was never personally served with a copy of the summons and complaint, nor did he ever receive copies at his usual place of abode. In addition, Aceto provided the testimony of Mark DeAngelis, a State Marshal of New Haven County. DeAngelis stated that on August 25, 2010, at the U.S. Post Office in Hamden, CT, he was served a summons for Robert Aceto by a woman he now believes was Jenny Forsa, also a Connecticut Marshal. DeAngelis stated that he identified himself to her, but she continued with service of the papers directed to be served on Aceto and left. In addition, both Aceto and DeAngelis testified that Aceto never appointed DeAngelis as an agent authorized to receive service of process on his behalf. In his response to this motion to dismiss, Baltayn merely asserts that "Aceto has been served, either by mail or process server."

Because the validity of service has been challenged, Baltayan bears the burden of proving that service of process was adequate. He has failed to do so. Aside from the proof of service signed by Forsa stating Aceto was served on August 25, 2010 at the Hamden Post and Baltayan's

---

[2] On May 26, 20011, as part of oral argument on these motions to dismiss, the Court held an evidentiary hearing on the service of process on Aceto. Aceto and DeAngelis testified. Although he received notice, Baltayan did not attend the argument and hearing.

own assertion that Aceto was served, there is no evidence controverting Aceto and DeAngelis's version of events. For these reasons, Aceto's motion to dismiss pursuant to Rule 12(b)(5) is granted.

## IV. Conclusion

In summary, and for the reasons set forth above, the motions to dismiss [Dkt. # 31 and Dkt. # 41] are GRANTED.

SO ORDERED  this 21st  day of July 2011, at Hartford, Connecticut.


        /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**